THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALTPASS LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>FUJITSU AMERICA, INC.,<br><br>                 Defendant. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Altpass LLC ("Plaintiff") accuses Fujitsu America, Inc. ("Defendant"), of infringing U.S. Patent No. 7,350,078, U.S. Patent No. 7,725,725, and U.S. Patent No. 8,429,415 (collectively, the "Patents-in-Suit"), alleging as follows:

**PARTIES**

1. Plaintiff is a Texas limited liability company, having a principal place of business at 106 E 6th St., Suite 900, Austin, TX 78701.

2. Upon information and belief, Defendant Fujitsu America, Inc. is a California corporation with a regular and established place of business in Colin County, Texas at 2791 Telecom Parkway, Richardson, Texas 75082.

**JURISDICTION AND VENUE**

3. This is an action for infringement of the Patents-in-Suit arising under 35 U.S.C. §§ 271(a)-(b), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has a place if of business in this district and has committed acts of patent infringement in this district.

5. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, because, inter alia, (i) Defendant has done and continues to do business in Texas; and (ii) Defendant has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein. In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

## U.S. PATENT NO. 7,350,078

1. On March 25, 2008, United States Patent No. 7,350,078 (the "'078 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "User Selection of Computer Login." A true and correct copy of the '078 patent is attached hereto as Exhibit A.

2. Gary Odom is the inventor of the '078 patent.

3. Plaintiff is the owner by assignment of the '078 Patent with all rights in and to that patent.

4. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## U.S. PATENT NO. 7,725,725

5. On May 25, 2010, United States Patent No. 7,725,725 (the "'725 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "User-Selectable Signatures." A true and correct copy of the '725 patent is attached hereto as Exhibit B.

6. Gary Odom is the inventor of the '725 patent.

7. Plaintiff is the owner by assignment of the '725 Patent with all rights in and to that patent.

8. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## U.S. PATENT NO. 8,429,415

9. On April 23, 2013, United States Patent No. 8,429,415 (the "'415 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "User-Selectable Signatures." A true and correct copy of the '415 patent is attached hereto as Exhibit C.

10. Gary Odom is the inventor of the '415 patent.

11. Plaintiff is the owner by assignment of the '415 Patent with all rights in and to that patent.

12. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,350,078

13. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells computing devices with user-selectable signatures which infringe the '078 Patent, shown in Exhibit A-1.

14. Upon information and belief, Defendant, its resellers, and end-user customers, have been and is now infringing claims 1, 2, 3, 5, 8, 9, and 10 of the '078 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries using computing devices with user-selectable signatures, *i.e.,* Stylistic Q739 Hybrid Tablet PC (the "Accused Instrumentalities"), covered by one or more claims of the '078 Patent to the injury of Plaintiff.  Defendant, its resellers, and end-user customers, are directly infringing, literally infringing, and/or infringing the '078 Patent under the doctrine of equivalents.  Defendant is thus liable for direct infringement of the '078 Patent pursuant to 35 U.S.C. § 271(a).

15. For example, the use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 1 of the '078 and performs a method for creating a signature for subsequent authentication (*i.e.*, it creates signatures in the form of a fingerprint, a password, or a smart card/pin that are used for subsequent authentication) comprising: indicating to a user commencement of signature input recording (*i.e.*, when the user selects the which finger they want to record, the system indicates to the user that the recording will commence); recording user input signals by type (*i.e.*, a pin, unlock pattern, fingerprint, or password is recorded) from at least one user-selected device among a plurality of selectable user input devices (*i.e.*, a touch screen and fingerprint reader that are built into the device), wherein a signal comprises a set of related software-recognizable data of the same type received from at least one input device (*i.e.*, the recorded data is recognized as a type of data, such as a finger print, an unlock pattern, pin recognition, or password data), and wherein at least one user-selectable input device affords recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a password, PIN, or pattern (a plurality of signal types)), and wherein a signal type comprises a category, among a plurality of possible categories (*i.e.*, fingerprint input, unlock

pattern input, pin input, or password input), of measurable variable input associated with at least one user-selectable input device (*i.e.*, the input such as fingerprint, unlock pattern, pin, or password contain measurable variations associated with the input device); terminating said recording; creating a signature based at least in part upon said recording; and storing said signature. *See* Ex. A-1, Figs. 1-13.

16. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 2 of the '078 Patent. They perform the method of claim 1, wherein said recording comprises signals from a plurality of user-selected devices (*e.g.*, it records multiple signals including fingerprint, pin, password, or unlock pattern signals). *See* Ex. A-1, Figs. 1-13.

17. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 3 of the '078 Patent. They perform the method of claim 1, further comprising receiving user selection of at least one signal type from a plurality of signal types associated with at least one user input device (*i.e.*, the user selects the type of input signal including fingerprint, screen unlock, password, or pin). *See* Ex. A-1, Figs. 1-13.

18. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 5 of the '078 Patent. They perform the method of claim 1, further comprising comparing a subsequent signature submission to said recording, and accepting said comparison within a predetermined degree of inexactness (*e.g.*, variations in received fingerprint data, screen unlock data, pin, or password data are compared and accepted if within a certain tolerance), thereby authenticating said subsequent signature (*i.e.*, if the received data is within the allowed tolerance, the signature is accepted and the user is authenticated). *See* Ex. A-1, Figs. 1-13.

19. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 8 of the '078 Patent. They perform the method of claim 1, further comprising editing said recording (*e.g.*, the recorded data may be edited such as changing the pin, password, screen unlock or adding or removing fingerprint data); wherein said signature is not entirely comprised of text-character codes (*e.g.*, smart card pin or fingerprint data). *See* Ex. A-1, Figs. 1-13.

20. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 9 of the '078 Patent. They perform a computer-implemented method for creating a signature for subsequent authentication (*i.e.*, creating a signature for subsequent authentication by allowing the creation of signatures in the form of a pattern, a PIN, a password, or with fingerprint that are used for subsequent authentication) comprising; receiving user selection of at least one signal type among a plurality of selectable signal types (*e.g.*, they display a menu that presents users with a choice of various screen lock modes (signal types) to unlock the product such as fingerprint, screen unlock pattern, smart card PIN, or password); recording input data of at least one signal type from at least one user-selected input device among a plurality of selectable user input devices (*e.g.*, a fingerprint scanner, screen image, 10 digit keypad, or keyboard is used as an input device and the corresponding input signals are recorded); wherein a signal types comprises a category among a plurality of possible categories (*i.e.*, fingerprint input, unlock pattern input, pin input, or password input), of measurable carriable input associated with at least one user-selectable input device (*i.e.*, the input such as fingerprint, unlock pattern, pin, or password contain measurable variations associated with the input device); and wherein at least one user-selectable input device afford recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a password, PIN, or pattern (a

plurality of signal types)); and creating a signature comprising at least in part a portion of said input data of said user-selected signal types; and storing said signature (*e.g.*, once the fingerprint signature is complete, the fingerprint signature data is stored). *See* Ex. A-1, Figs. 1-13.

21. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 10 of the '078 Patent. They perform the method of claim 9, wherein said recording comprises a plurality of user-selected devices (*e.g.*, the signature records input from a plurality of input devices selected by the user, including touchscreen, smart card pin, or fingerprint scanner). *See* Ex. A-1, Figs. 1-13.

22. As a result of Defendant's infringement of the '078 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

23. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '078 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,350,078

24. Upon information and belief, Defendant is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 5, 8, 9, and 10 of the '078 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, inducing its resellers and end-user customers to use the Accused Instrumentalities in its customary manner which, as shown above, infringes claims 1, 2, 3, 5, 8, 9,

and 10 of the '078 Patent to the injury of Plaintiff.  Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '078 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271(b).

25. Defendant received actual notice of the '078 Patent at least as early as the date of the filing of this Complaint.

26. Defendant's affirmative act of providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities induces Defendant's resellers and end users to use the Accused Instrumentalities in its normal and customary way to directly infringe claims 1, 2, 3, 5, 8, 9, and 10 of the '078 Patent.

27. As of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent that its resellers and end-users directly infringe claims 1, 2, 3, 5, 8, 9, and 10 of the '078 Patent.  Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '078 Patent.

28. For example, in connection with the sale and/or offering for sale of the Accused Instrumentalities, Defendant provides manuals and support to resellers and end-use customers regarding the use and operation of the Accused Instrumentalities.  Specifically, Defendant provides manuals and support through its website http://www.fujitsupc.com/www/content/pdf/SupportGuides/Q739_FPC65-7994-01-en-us%202.pdf.
When end-users follow such instructions and support, they directly infringe the '078 Patent.

Defendant knows or should know that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '078 Patent.

29. Accordingly, Defendant continues to perform acts that induce actual infringement, with the knowledge of the '078 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

30. As a result of Defendant's infringement, either directly or through inducement, of the '078 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's direct infringement from June 15, 2016 and for any continuing acts of direct or induced infringement from the date of filing of this complaint, but in no event less than a reasonable royalty for the use made of the invention by Defendant and the use made by those Defendant induced to use the invention, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

31. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '078 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 7,725,725

32. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells devices that practice a computer-implemented process which infringe the '725 Patent, shown in Exhibit B-1.

33. Upon information and belief, Defendant has been and is now infringing claims 1, 2, and 4 of the '725 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, using computing devices with

user-selectable signatures, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '725 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '725 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '725 Patent pursuant to 35 U.S.C. § 271(a).

34. For example, the use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringe 1 of the '725 Patent and performs a computer-implemented process comprising; commencing signature input recording (*i.e.*, when the user selects the which finger they want to record, the system indicates to the user that the recording will commence); recording user input signals by type (*i.e.*, a smart card pin, unlock pattern, or password is recorded) from at least one user-selected device among a plurality of selectable user input devices connected to a single computer (*i.e.*, both a touch screen and fingerprint sensor that are built into the device); wherein a signal comprises a set of related software-recognizable data of the same type received from at least one input device (*i.e.*, the recorded data is recognized as a type of data, such as a fingerprint, unlock pattern, pin recognition, or password data); wherein a signal type comprises a category (*i.e.*, fingerprint input, unlock pattern input, smart card pin input, or password input) of measurable variable input associated with at least one user-selectable input device (*i.e.*, the input such as fingerprint, unlock pattern, smart card pin, or password contain measurable variations associated with the input device), and wherein at least one user-selectable input device affords recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a password, PIN, or pattern (a plurality of signal types)); terminating said recording; storing at least a portion of said recording; creating a signature using said stored recorded user input signals from a plurality of categories of measurable variable input (*i.e.*, if the fingerprint type was selected,

the device will create a signature using the data received from the fingerprint input device); and storing said signature *See* Ex. B-1, Figs. 1-14.

35. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 2 of the '725 Patent. They perform the method of claim 1, wherein said recording comprises signals from a plurality of user-selected devices (*e.g.*, they record multiple signals including fingerprint, smart card pin, or password signals). *See* Ex. B-1, Figs. 1-14.

36. The use of the Accused Instrumentalities by Defendant, its resellers, or end-user customers, directly infringes claim 4 of the '725 Patent. They perform the method of claim 1, wherein comparing a subsequent signature submission to at least a portion of said recording; and accepting said comparison within a predetermined degree of inexactness (*e.g.*, variations in received fingerprint data, screen unlock data, pin, or password data are compared and accepted if within a certain tolerance); thereby authenticating said subsequent signature (*i.e.*, if the received data is within the allowed tolerance, the signature is accepted and the user is authenticated). *See* Ex. B-1, Figs. 1-14.

37. As a result of Defendant's infringement of the '725 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

## COUNT IV
## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,725,725

38. Upon information and belief, Defendant is now inducing the infringement by its resellers and end-use customers of claims 1, 2, and 4 of the '725 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, inducing its resellers and end-user customers to use the Accused Instrumentalities in its customary manner which, as shown above, infringes claims 1, 2, and 4 of the '725 Patent to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '725 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '725 Patent pursuant to 35 U.S.C. § 271(b).

39. Defendant received actual notice of the '725 Patent at least as early as the date of the filing of this Complaint.

40. Defendant's affirmative act of providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities induces Defendant's resellers and end users to use the Accused Instrumentalities in its normal and customary way to directly infringe claims 1, 2, and 4 of the '725 Patent.

41. As of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent that its resellers and end-users directly infringe claims 1, 2, and 4 of the '725 Patent. Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '725 Patent.

42. For example, in connection with the sale and/or offering for sale of the Accused Instrumentalities, Defendant provides manuals and support to resellers and end-use customers regarding the use and operation of the Accused Instrumentalities. Specifically, Defendant provides manuals and support through its website, http://www.fujitsupc.com/www/content/pdf/SupportGuides/Q739_FPC65-7994-01-en-us%202.pdf. When end-users follow such instructions and support, they directly infringe the '725 Patent. Defendant knows or should know that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '725 Patent.

43. Accordingly, Defendant continues to perform acts that induce actual infringement, with the knowledge of the '725 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

44. As a result of Defendant's infringement, either directly or through inducement, of the '725 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's direct infringement from June 15, 2016 and for any continuing acts of direct or induced infringement from the date of filing of this complaint, but in no event less than a reasonable royalty for the use made of the invention by Defendant and the use made by those Defendant induced to use the invention, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

45. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '725 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,429,415

46. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '415 Patent, shown in Exhibit C-1.

47. Upon information and belief, Defendant has been and is now infringing claims 1, 2, 4, 5, 8, 11, and 13 of the '415 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale computing devices with user-selectable signatures, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '415 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '415 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '415 Patent pursuant to 35 U.S.C. § 271(a).

48. The Accused Instrumentalities infringe claim 1 of the '415 Patent. They are a computing device (*e.g.*, an Intel processor) which provides secured access (*i.e.,* through the unlock screen features such as pattern, PIN, and password), the computing devices comprising: a program memory; a data storage memory (*i.e.*, internal and external memory); first and second input devices both of which are part of the computing device (*i.e.*, both a touch screen and a fingerprint sensor that are built into the device) and are selectable by a user via the computing device to allow the user to generate a reference signature that can be compared to a future submitted signature for authentication purposes to allow it to be determined whether access to the computing device should be granted based on the user selection (*i.e.*, a comparison is made between the stored signature data and the future signature data and access is granted or denied depending on whether the reference matches the future signature), wherein at least one of the first and second user selectable input devices is of a type of input device other than a keyboard (*i.e.*, these input devices are

selectable through the lock screen menu when a user selects their desired security option. The fingerprint sensor is not a keyboard.); a processor operatively interfaced with the program memory, the data storage memory, and the first and second user selectable input device (*e.g.*, an Intel processor, program memory, data storage memory, and first and second user selectable input devices built into the product); a first set of instructions stored in the program memory that, when executed by the processor, allow a user to select at least one signal type (*i.e.*, the Accused Instrumentalities display a menu that presents users with a choice of various modes (signal types) to unlock the product such as fingerprint, unlock pattern, smart card PIN, or password), among at least two different user selectable signal types, to be received and stored in the memory (*e.g.*, internal storage), the at least two different signal types being associated with the first or second selectable input devices (*i.e.*, each selectable signal type is associated with either the touch screen or the fingerprint scanner.); a second set of instructions stored in the memory that are adapted to be executed after the first set of instructions has been executed, the second set of instructions, when executed by the processor, causing (a) input data of at least one signal type from the user selected one of the first and second input devices to be generated and then recorded in the data storage memory (*i.e.*, when prompted, a user generates input data for the selected signal type and the Accused Instrumentalities record and store the input data in data storage memory); (b) a reference signature to be created which comprises in part at least a portion of the input data recorded in the data storage memory (*i.e.*, the Accused Instrumentalities create a signature using at least a portion of the input data previously recorded and stored. For example, if a user had input the pattern shown below, the portion of the input data used to create the signature would be the numbers correlating to the pattern created), and (c) the reference signature to be stored in the data storage memory (*i.e.*, the stored signature is later used to authenticate a user during subsequent unlock attempts); and a

third set of instructions stored in the program memory that are adapted to be executed after both the first and second sets of instructions have been executed, the third set of instructions, when executed by the processor, retrieving the reference signature from the data storage memory and comparing it to a subsequent signature submission signal to allow a determination to be made as to whether or not access to the computing device should be granted (*i.e.*, after a screen lock function has been set up, the Accused Instrumentalities will prompt a user to input a signature to unlock the phone and not allow access to the device should the input signature not match the reference signature. For example, if the Pattern screen lock function was used, the user must input the same pattern that has been previously recorded to unlock the device. If the incorrect signature is given, the phone will not unlock).  *See* Ex. C-1, Figs. 1-6.

49. The Accused Instrumentalities infringe claim 2 of the '415 Patent. They are the computing devices of claim 1, wherein the computing device comprises a computer (*i.e.*, a tablet PC). *See* Ex. C-1, Figs. 1-6.

50. The Accused Instrumentalities infringe claim 4 of the '415 Patent. They are the computing devices of claim 1, wherein the computing devices are hand-held computing devices (*i.e.*, a tablet PC). *See* Ex. C-1, Figs. 1-6.

51. The Accused Instrumentalities infringe claim 5 of the '415 Patent. They are the computing devices of claim 1, wherein the determination is made by accepting the comparison within a designated tolerance of inexactness, thereby authenticating the subsequent signature. *See* Ex. C-1, Figs. 1-6.

52. The Accused Instrumentalities infringe claim 8 of the '415 Patent. They are the computing devices of claim 1, wherein at least one of the first and second input devices comprises a keyboard. *See* Ex. C-1, Figs. 1-6.

53. The Accused Instrumentalities infringe claim 11 of the '415 Patent. They are the computing devices of claim 1, wherein the reference signature stored in the date storage memory does not entirely comprise text-character codes. *See* Ex. C-1, Figs. 1-6.

54. The Accused Instrumentalities infringe claims 13 of the '415 Patent. They are the computing devices of claim 1, wherein the signal type comprises a category, among at least two different possible categories, of measurable variable input with at least one of the first and second user selectable input devices. *See* Ex. C-1, Figs. 1-6.

55. As a result of Defendant's infringement of the '415 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

56. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '415 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed and induced others to infringe the Patents-in-Suit;

2. a permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the

infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3.  a judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4.  any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED April 3, 2020.

Respectfully submitted,

By: */s/ Neal Massand*
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF
ALTPASS LLC**